# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**THOMAS L. HOPE, #114320**  **PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO. 1:09-cv-762-LG-RHW**

**WILLIAM ROSS, et al.**  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff was an inmate of the Jackson County Adult Detention Center, Pascagoula, Mississippi, at the time he filed this complaint pursuant to 42 U.S.C. § 1983 and request to proceed *in forma pauperis,* on November 10, 2009. The Court entered two orders in this case on November 13, 2009. One of the orders [4] directed the Plaintiff to pay the required $350.00 filing fee or file a completed *in forma pauperis* application, within thirty days. The other order [3] directed the Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit, or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The Plaintiff was warned in both of these Court orders, that his failure to keep this Court informed of his current address or a failure to timely comply with the requirements of the orders would lead to the dismissal of his complaint. The envelope [6] containing these orders was returned on December 4, 2009, with the notation by the postal service "return to sender - unable to forward."

Out of an abundance of caution, an order to show cause [7] was entered on December 29, 2009. The Plaintiff was directed to respond to the order to show cause [7], on or before January 20, 2010. In addition, the Plaintiff was directed to comply with the orders of November 13, 2009, by filing the required documents, on or before January 20, 2010. The order to show cause

[7] warned the Plaintiff that his failure to keep this Court informed of his current address or his failure to timely comply with any order of this Court would result in the dismissal of this case. On January 7, 2010, the envelope [8] containing the December 29, 2009 order to show cause [7] was returned by the postal service with the notation "return to sender - attempted not known - unable to forward."

According to the court record, the Plaintiff has failed to keep this Court informed of his current address and he has failed to comply with three court orders. Therefore, it is apparent from the Plaintiff's failure to communicate with this Court concerning his change of address, that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Plaintiff has not provided a forwarding address nor has he contacted this Court since November 10, 2009.[1] The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED. R. CIV. P. 41(b) is proper. Since the Defendants have not been called upon

---

[1] On February 23, 2010, the Court attempted to locate Hope on the Mississippi Department of Corrections website to no avail.

to respond to the Plaintiff's pleading, and have not appeared in this action, and since the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 24th day of February, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE